MARTHA J. AVERITT, Respondent, v. METRO-
POLITAN STREET RAILWAY COMPANY,
Appellant.

**Kansas City Court of Appeals, October 3, 1910.**

1. **PLEADING: Negligence: Specific Allegations.** Where petition
alleged several distinct acts of defendant to be the cause of
the injury, all of which acts were grouped together, and char-
acterized in the last paragraph as products of defendant's neg-
ligence, and defendant demurred on the ground that any act
which does not show negligence *per se* ought to be specifically
alleged to be negligent. *Held,* that petition sufficiently aver-
red negligence.

2. **NEGLIGENCE: Narrow Street: Contributory Negligence.** The
lawful use of a narrow street used by street cars, by plaintiff,
who was in a vehicle, is not contributory negligence as a mat-
ter of law, and plaintiff's motive in thus using street as a tem-
porary waiting place is immaterial.

3. **EVIDENCE: Expert Testimony: Failure to Object.** Where the
defendant fails to object at the trial that an expert witness's
testimony invades the province of the jury, the point cannot
be raised on appeal.

4. **EVIDENCE: Depositions.** Under section 2904, Revised Stat-
utes 1899 (section 6411, Revised Statutes 1909), providing, as
a fourth ground that "if the deponent be gone to a greater
distance than forty miles from the place of trial without the
consent, connivance, or collusion of the party requiring his
testimony," the deposition is admissible, a *non est* return of a
subpoena issued by plaintiff, coupled with evidence that plain-
tiff made diligent but unavailing search for witness, is suffi-
cient evidence to warrant the trial court to find as a fact that
witness was neither in Jackson County nor within forty miles
of place of trial.

Appeal from Jackson Circuit Court.—*Hon. Hermann
Brumback,* Judge.

AFFIRMED.

*John H. Lucas, Piatt & Lea* for appellant.

(1) The petition does not charge generally or specially that any act of defendant was done negligently and, therefore, fails to state a cause of action. Rawson v. Railroad, 129 Mo. App. 613; McCurt v. Hotel Co., 144 Mo. 397; Shaw v. Goldman, 116 Mo. App. 332; Loehring v. Construction Co., 118 Mo. App. 163; Dyer v. Railroad, 34 Mo. 127; Brown v. Railroad, 33 Mo. 309; Gray v. Hornbeck, 31 Mo. 399. (2) The question of negligence or of contributory negligence is ordinarily for the jury, but when the only fair inference to be drawn from all the evidence is that defendant was not negligent or that plaintiff was guilty of contributory negligence, it is a question for the court and judgment should be for the defendant. Coffey v. Carthage, 186 Mo. 585; Heberling v. Warrensburg, 103 S. W. 36; Womack v. St. Joe, 168 Mo. 241; Sindlinger v. Kansas City, 126 Mo. 315; Boyd v. Springfield, 62 Mo. App. 456; Cohn v. Kansas City, 108 Mo. 393; Ray v. Poplar Bluff, 70 Mo. App. 261. (3) Conclusions of medical experts or lay witnesses which invade the province of the jury are erroneous. Taylor v. Railroad, 185 Mo. 255; Glasgow v. Railroad, 191 Mo. 347; Smith v. Kansas City, 125 Mo. App. 150; Roscoe v. Railroad, 202 Mo. 576. (4) Depositions of a witness residing in the county cannot be read in evidence unless it is affirmatively shown that the witness is dead, absent from the county, unable by reason of bodily infirmity to attend court or more than forty miles distant at the time of the trial. R. S. 1899, sec. 2904. (5) Evidence tending to show the nature and extent of injuries to womb is erroneous and illegal under allegation of petition expressly disclaiming all knowledge as to same. (6) It was error for the plaintiff to read to the jury from her petition sections of a city ordinance not in force at the date of the accident, requiring defendant to maintain a watchman at the scene of the accident. State

v. Coleman, 186 Mo. 158; Hollenbeck v. Railroad, 141 Mo. 104. (7) Instructions must be direct, certain, accurate, clear and explicit and must not be obscure, vague, involved or ambiguous. 11 Ency. Pl. and Pr. pp. 137, 141; Klamp v. Rodewall, 19 Mo. 450; Frank v. Railroad, 57 Mo. App. 181; Dunn v. Dunnaker, 87 Mo. 597; Crole v. Thomas, 17 Mo. 329. (8) When the preponderance of the evidence is against the verdict, or the verdict is excessive and unjust, it raises the presumption of passion, prejudice, misdirection to or mistake of the jury and the verdict should be set aside. Lehnick v. Railroad, 118 Mo. App. 616; Spohn v. Railroad, 87 Mo. 84; Price v. Evans, 49 Mo. 396; Fulger v. Bothe, 117 Mo. 501.

*J. G. Littick* and *Dana, Cowherd & Ingraham* for respondent.

(1) A statement of facts, which on their face disclose negligence, is sufficient even if the direct charge of negligence is omitted. Bond v. Railroad, 122 Mo. App. 207; Rawson v. Railroad, 129 Mo. App. 630; Allen v. Railroad, 183 Mo. 411, 433; Keaton v. Railroad, 116 Mo. 231; Dyer v. Railroad, 24 Mo. 127; Luckel v. Century Bldg., 177 Mo. 608. We do not, however, need such authorities in this case as the negligence was charged in terms. (2) No one will dispute the contention of appellant that the question of negligence or contributory negligence is ordinarily for the jury, nor the further contention that when only one inference can be drawn from the evidence, it is the duty of the court to so declare it. It is needless to cite authorities upon such a proposition. The evidence here conclusively shows a plain contradiction and the question of the weight of the evidence is always for the jury. (3) The questions asked Dr. Riegle did not invade the province of the jury. When there is a fact in a case, which calls for any particular knowledge or experience

or one upon which men of common information are
not capable of forming a judgment, it is a case for ex-
pert evidence.   Buckalew v. Railroad, 107 Mo. App.
575, and cases cited; Holloway v. K. C., 184 Mo. 19;
Wood v. Railroad, 181 Mo. 450.   This objection is
raised for the first time in this court. (4) The depo-
sition of the witness Rena Anglin was competent and
the circumstances authorizing the introduction of the
same were fully proven.   The deposition itself showed
the home of plaintiff to be in another county. Michael
v. Mathers, 77 Mo. App. 556; Sullivan v. Railroad, 95
Mo. 113.   Even if the admission of this evidence was
error it is not material as the evidence was cumula-
tive.   Reno v. Kingsbury, 39 Mo. App. 240; Hogan v.
Railroad, 150 Mo. 36.   (5) The petition specifically
stated plaintiff had sustained injury to her womb and
genital organs; and described the injuries in part. Cer-
tainly evidence tending to prove these injuries was
competent.   (6)   It was entirely competent to read
the petition to the jury. If there were in said petition
improper statements, defendant should have moved
to strike them out.   If there were allegations un-
proven, defendant could reach the same by instruc-
tion.   There is nothing in this record, however, to
show that the statements complained of in the petition
were ever read to the jury. (7) The instructions are di-
rect, certain, accurate and explicit, and are not properly
subject to the criticism made by appellant. The form has
been often approved.   Luckel v. Century Bldg., 177
Mo. 608.   (8) The jury are the judges of the weight
of the evidence and the credibility of the witnesses.
When they have exercised their judgment in a case
fairly tried and submitted under proper instructions
and when the trial court has sustained their verdict by
overruling the motion for new trial this court will not
pass upon the question of the preponderance of the
evidence.   If there is any evidence to sustain the ver-
dict it will be upheld.   Gorton v. Ins. Co., 115 Mo. App.

69; Brod v. Transit Co., 115 Mo. App. 214; Conrad v. Railroad, 116 Mo. App. 517; Shoe Co. v. Sally, 114 Mo. App. 222; Dowling v. Wheeler, 117 Mo. App. 169; Harris v. Sheffel, 117 Mo. App. 514.

JOHNSON, J.—This is an action for damages for personal injuries alleged to have been caused by the negligence of defendant. The answer is a general denial and a plea of contributory negligence. The cause is before us on the appeal of defendant from a judgment of twenty-five hundred dollars rendered for plaintiff on a verdict for that amount.

The injuries of plaintiff were inflicted about five o'clock p. m. November 10, 1903, and were caused by the collision between the one-horse buggy in which she was driving and an electric car operated by defendant on the Westport line of its street railway system in Kansas City. The place of the collision was in Thirteenth street (which runs east and west) between Walnut street and Grand avenue. Plaintiff and her husband drove up Walnut street from the south and stopped at the northeast corner of the intersection of that street with Thirteenth street where Mr. Averitt alighted and went into a saloon on that corner to transact some business. The saloon faced west on Walnut street and had a back door opening on Thirteenth street. Concluding to drive to the back door where she could look into the saloon and hurry her husband, plaintiff turned around in Walnut street and drove into Thirteenth street from the west on the south side of the street, intending to cross to the north side and to stop in front of the back door of the saloon. At that time, outbound Westport cars ran south on Walnut street to Thirteenth where they crossed over to Grand avenue. Defendant had two tracks in Thirteenth street and cars running east used the south track. The street is narrow and the distance between the outside rail of the south track and the curb was only eight

feet. Rails for use in repairs being made on the tracks were strung along the south side of the street and occupied some of the space for vehicles. That obstruction so contracted the already narrow roadway that a street car on the south track barely could pass a buggy on that side of the street. The progress of plaintiff to the stopping place she had selected was delayed by the passage on the north track of a westbound car and before she could cross the south track an outbound Westport car turned into Thirteenth street and came up behind her buggy. A man jumped off of that car, went to her horse, seized the bridle and led him forward to the south side of the street in order that the car might pass. The car followed slowly and as soon as the buggy appeared to be in the clear, proceeded to pass. The end of the front crossbeam or bumper of the car which was rounded in front struck a wheel of the buggy with enough force to throw plaintiff out of the seat, but owing to its rounded surface, it slid by the wheel. The motorman then increased the speed of the car and the front surface of the end of the hind bumper which was not rounded in front was brought into collision with the buggy wheel with the result that the wheel was wrecked and plaintiff was thrown down in the buggy in a way to produce the injuries of which she complains.

The facts stated are taken from the evidence of plaintiff and are contradicted by the evidence of defendant which tends to show that the buggy was in the clear when the front end of the car passed; that it was not struck at all by the front beam end and the entire car would have passed safely had not the horse backed the buggy into the car. There is evidence to the effect that the backing of the horse was caused either by its own restiveness or by the act of plaintiff in pulling back on the lines in protest against the leading of the horse by a stranger.

Plaintiff alleges in the petition that "defendant . . . . by its hired servants, agents and employees, suddenly and violently ran one of its cars passing east on said Thirteenth street onto and against the buggy in which plaintiff was seated, and without any warning or notice to plaintiff of its approach and without stationing a watchman at said crossing and by reason of said obstruction, the projection of the front piece or bumper on said car, and the narrowness of said street at said point, said car struck the left wheels of said buggy in which plaintiff was seated and caused it to be thrust forward and caught the wheels of said buggy, when said defendant, by its agents, servants and employees started its said car forward, and while said car was so caught in and locked with said buggy, in which plaintiff was seated, the agents, servants and employees of said defendant . . . . well knew, or by the exercise of reasonable care and caution might have known and seen that plaintiff was in a dangerous and perilous position, suddenly started said car, and threw the buggy in which plaintiff was seated, forward and southward, smashing said buggy to pieces, and threw plaintiff suddenly and violently and with great force against the upright bows, dashboard and floor of said buggy, and seriously and severely injuring said plaintiff. That the injury to plaintiff was because of the carelessness, negligence and wrongful act of said defendant, as hereinbefore set forth."

Defendant attacks the sufficiency of the petition on the ground that it "does not charge generally or specially that any act of defendant was done negligently and therefore fails to state a cause of action." The rule is invoked that "an act which does not show for itself that it is a negligent act ought to be alleged to be negligent." [Rawson v. Railroad, 129 Mo. App. l. c. 617.]

It will be observed that in the above quotation from the petition, several causal acts of defendant are al-

leged and that these are grouped together and characterized in the final paragraph of the quotation as the products of carelessness and negligence on the part of the defendant. Reduced to its final analysis, the objection to the petition appears to be that since the law and the evidence left but one culpable act of the defendant in the case as an issue of fact, viz., that of attempting to run the car past the buggy while the latter vehicle was not in the clear, the omnibus allegation of negligence cannot be treated as a specific charge that the act under consideration was negligent. The fallacy of that contention is apparent. This is merely a case—common enough—where the plaintiff alleged more than she could prove but alleged enough and proved it to give her a cause of action. The charge of negligence was the logical and legal equivalent of a specific charge as to each act of the group to which it referred and, consequently, was a sufficient compliance with the rules of pleading invoked by defendant.

The next contention of defendant is that the evidence discloses that the injury was not caused by the negligence of defendant, but was due to the negligence of plaintiff herself. In the disposition of that argument, we shall regard the facts only from the viewpoint of plaintiff's evidence, which we find to be substantial. Plaintiff was using a public street for purposes of travel, a thing she had a right to do, and while she would not have been justified in unreasonably obstructing the passage of the street car, defendant was without legal excuse in attempting to push her vehicle out of the way with its more powerful vehicle. The mere fact that she drove onto a narrow street used by street cars affords not the slightest reason for pronouncing her conduct negligence, and we regard as unimportant the suggestion that she was actuated by mere curiosity in choosing a place in front of the back door of the saloon as a waiting place. The suggestion has no foundation in the evidence, but if it had, such mo-

tive would have been immaterial. She was traveling on the public highway for travel and whether bent on business, pleasure or curiosity, was using the street in a lawful manner and defendant had no right to interfere with such use. According to her evidence, her vehicle was within range of the bumper ends when the motorman drove the car by. Owing to the contour of these ends, the first slipped off the buggy wheel, but the last caught and wrecked it. If these are the facts, and we must accept them as true, the negligence of the motorman is a fact too plain for serious discussion. The issues of negligence of defendant and of contributory negligence of plaintiff are presented by the evidence as issues of fact for the jury to decide and the learned trial judge was right in overruling the demurrer to the evidence.

The principal injuries received by plaintiff were a retroversion of the womb and resultant nervous disorders. It is insisted by defendant that the trial court permitted the physician who treated plaintiff to invade the province of the jury in his testimony, but the point cannot be considered for the reason that it was not made the ground of objections at the trial. Appellate courts do not consider objections to evidence to which the attention of the trial court was not properly called at the time the evidence was offered.

Objection is made to the ruling allowing the deposition of a witness to be read by plaintiff. At the time the deposition was taken—about three years before the trial—the witness, a young woman, was employed in Kansas City, but her home was in Plattsburg, Clinton county, more than forty miles from Kansas City, and she testified that she was contemplating a visit to her mother at that place. Plaintiff had a subpoena issued for the witness but it was returned *non est*. It appears from the evidence introduced by plaintiff that her coun-

sel made diligent but unavailing efforts to find the witness. She could not be found in Kansas City nor was her whereabouts ascertained. There is nothing in the record to suggest that plaintiff did not make an honest and thorough effort to find the witness, or that her absence was through the procurement or with the connivance of plaintiff. The statutes provide, section 2904, Revised Statutes 1899: ''The facts which would authorize the reading of the deposition may be established by the testimony of the deposing witness or the certificate of the officer taking the same: First, if the witness resides or is gone out of the state; second, if he be dead; third, if by reason of age, sickness or bodily infirmity, he be unable to or cannot safely attend court; fourth, if he resides in a county other than that in which the trial is held, or if he be gone to a greater distance than forty miles from the place of trial without the consent, connivance or collusion of the party requiring his testimony,'' etc. The deposition was admitted on the fourth ground and we do not feel justified in saying that the ruling was not supported by substantial evidence. The court had an issue of fact to determine, viz., whether or not the witness was in Jackson county or within forty miles of the court, and if its finding was supported by substantial evidence as we think it was, we have no occasion to interfere.

Many other questions are discussed in the briefs of counsel but we do not find in any of them ground for disturbing the judgment. We do not think the evidence so preponderates on the side of defendant that we should apply the rule followed in Lehnick v. Railway, 118 Mo. App. l. c. 616. Indeed, we are of the opinion that the motorman acted negligently. By defendant's own showing, he crowded in before the buggy was out of the way, and, while it was in a tight place where nervousness on the part of plaintiff or of the horse, might cause it to be backed into the car, he increased speed, apparently with little care for the

consequences. The verdict was not excessive. The evidence of plaintiff shows that as a result of the injury she has become a nervous wreck, a confirmed invalid, and that her condition is permanent, with no hope of relief except through a serious surgical operation, the result of which would be doubtful. For such injuries, a verdict of twenty-five hundred dollars was not too much. The judgment is affirmed. All concur.